IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECILIA FRESQUEZ,

    Plaintiff,

vs.                                      Civ. No. 01-918 WWD/LCS

GREENBRIAR CORPORATION d/b/a
LA VILLA ASSISTED LIVING, and
BETTY UNDERWOOD, JUDITH KASUBOSKI,
and MARY ANN HICKMAN, each Individually and
as Employees of Greenbriar Corporation,

    Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon the Motion of Defendants Betty Underwood, Judith Kasubioski and Mary Ann Hickman for Judgment on the Pleadings on Title VII Claims and to Dismiss for Lack of Jurisdiction Under Rule 12(B) ["motion"] filed January 8, 2002 (**Docket #10**). The motion makes the following contentions, to wit:

    1. The Title VII claims against the Individual Defendants are not permitted and must be dismissed for lack of subject matter jurisdiction.

    2. By failing to include the Title VII claims against the Individual Defendants in her EEOC complaint, Plaintiff failed to exhaust her administrative remedies against those individual defendants, and these defendants are entitled to judgment on the pleadings.

Additionally, the individual Defendants argue that Plaintiff failed to allege any specific misconduct on the part of any of the individual defendants which would give rise to a Title VII claim.

      In Plaintiff's complaint, each of the individual defendants is sued under Title VII "in her capacity as an employee of Defendant Greenbriar Corporation". Complaint, ¶¶ 6-8. In the

complaint, plaintiff alleges that when Plaintiff applied for employment at defendant corporation, she was interviewed by Betty Underwood and Judith Kasuboski, and that no mention was made then of any perceived deficiencies in Plaintiff's grasp of the English language. Later Plaintiff was informed that she was not hired because she was "not strong enough" in English. Plaintiff alleges that she reads, writes and understands English; that a non-Hispanic female was hired for the job Plaintiff was seeking; and that Plaintiff was discriminated against because she was Hispanic and from Mexico.  The complaint makes no allegations directed at Mary Ann Hickman by name except that she was an employee of Greenbriar Corporation working as the Executive Director of La Villa Assisted Living in Roswell; however, the decision not to hire Plaintiff and to hire a non-Hispanic for the position Plaintiff sought is attributed to "all defendants" in paragraph 15 and to the defendants in paragraph 16 of the complaint. Additionally, paragraph 20 of the Complaint alleges that Defendants discriminated against Plaintiff on the basis of her national origin and ethnicity.

DISCUSSION.

The Title VII claims against the three above-named individuals are clearly inappropriate if they are claims against those Defendants individually. Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996). Here,  however, the complaint expressly makes the claims against the individual defendants as employees of the corporate defendants. Haynes states that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by  naming the employer directly." Id., at 899.  Here, the employer(s) is named directly. The complaint fails to use any language which expressly indicates that the individual defendants are the agents of the employer(s); however, the titles attributed to

the individual defendants would certainly permit the inference that they are supervisory employees. In that capacity the individual defendants may well operate as the "alter ego of the employer, and the employer is liable for the unlawful employment practices of the individual without regard to whether the employer knew of the individual's conduct." Id., at 899, quoting Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993). Any judgment obtained by Plaintiff would run against the employer and not against the individual defendants. In the circumstances here presented I do not find inappropriate the naming of the individual employees as parties defendant. Accordingly, that portion of the motion to dismiss fails. Since the individuals are being sued only in their "official capacity' and not individually, I do not find the argument that administrative remedies were not exhausted to be persuasive, and the same is true with respect to arguments that the Plaintiff should have detailed the acts by the individual defendants.

**WHEREFORE,**

**IT IS ORDERED** that the Motion of Defendants Betty Underwood, Judith Kasuboski and Mary Ann Hickman for Judgment on the Pleadings on Title VII Claims and to dismiss for Lack of Jurisdiction Under Rule 12(B)[Docket #10] be, and it is hereby, **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE

. .